Please remain quiet and would the lawyers for the last case, Mr. Der Hooning v. Board of Trustees, please approach the podium. Give me a minute, get your stuff out. And if we could have the teachers please sit down. The court is still in session, ladies and gentlemen. All right, the case having been called, the attorneys for the next case, Mr. Der Hooning v. Board of Trustees, please approach the podium. And starting with the lawyers for the appellate, please tell us who you are and who you represent. Good morning, Your Honor. My name is Jonathan Cifinelli, and I'm from the law firm of Pew, Jones & Johnson. And we represent the defendants' appellants, University of Illinois, Avijit Ghosh, Larry DeBrock, David Eikenberry, and Sandy Frank. Appellee? Good morning. Gabe Plotkin, represent Plaintiff Appellee Robert Van Der Hooning. Very good. Each side is 15 minutes. That's, I think, a very direct case for what that's worth. We look forward to your arguments. Each side is 15 minutes. Please keep it moving. Anytime you're ready, Mr. Cifinelli. Thank you, Your Honor. May it please the Court. Your Honors, the issue before this Court is whether Judge McGrath of the Circuit Court abused her discretion when she denied the defendant's motion to dismiss or stay under 735 ILCS 5-2619A3. And the defendants admit that, yes, Judge McGrath did abuse her discretion in denying that motion. And that's our position because there was another lawsuit, and still is another lawsuit, pending between the same parties for the same cause over in the Court of Claims. And Judge McGrath abused her discretion. Mr. Cifinelli. Yes, ma'am. If Judge McGrath had stayed that proceeding, where would the plaintiff have gotten some relief? Because all the proceedings, as I understand it, everything was stayed at the same time. So isn't a plaintiff entitled to have their case moving along in some forum or another, whether it's in the Circuit Court or the Court of Claims or wherever it is? But, you know, as I read this, it was as though your argument was saying that the proceedings should have been stayed in every forum. So how would the plaintiff ever get their case advanced? Well, Your Honor, I believe that had Judge McGrath granted a stay of the Circuit Court case, the effect of granting that stay would have prompted the Court of Claims to rule on our motion to dismiss, which they failed to do when the case was before them. Now, I respectfully disagree with the characterization of the Court of Claims' ruling as a stay. What the order did, that's the August 30, 2010 order, was, number one, held the case in abeyance. Number two, put it on its general continuance calendar, which by its very language contemplates further proceedings. Let me ask another question that's related to that. This was not a final and appealable order, was it? It was a final and appealable order, Your Honor. Why do you say that? Well, because under Rule 307A1, it gives this Court power over rulings, motions to stay, and that's exactly what we brought here. Judge McGrath made this ruling without prejudice, and I think she said something along the lines of, I'm going to give you a status update in June, and you come back here and tell me how this is going in the Court of Claims or something like that. But she made it clear that this was something that was not final and it wasn't finished. She wanted to hear more about the status of the case. So how is that final and appealable? Your Honor, the stay is still – the stay was – well, it's a final and appealable order under Rule 307A1, because Judge McGrath denied our motion to stay, and that rule gives – So you're saying that whenever a judge denies your motion to stay, that's a final and appealable order? Yes, under these circumstances it is. And what are these circumstances? That's what I'm trying to get to. What is the specific circumstances of this case that gives us jurisdiction over that issue? What gives this Court jurisdiction is Rule 307A1 is explicitly designed for this purpose, and this was an interlocutory decision on the Court's part, and that's what this vehicle is designed to bring up to this Court. Looking at – going back to Justice Cunningham's point, at page 5 of your brief, in your brief now, you spell out the timeline in this case. In there it says that on April 26, 2010, Defendant University filed a motion to dismiss the Court of Claims case – subject matter jurisdiction – on August 30th. The Court stays the case and sends it off. At your request, sends it off to the Circuit Court. It now being in the Circuit Court, on April 15, 2011, Defendant University filed a petition for common law writ of cert to the Chantry Court to prevent the Circuit Court, where it is already pending, from seeking a review of jurisdiction. Where you already said, in your April 26 filings, and from the Court of Claims, that the Circuit Court had jurisdiction. And then at page 21 of your brief, it says, here is set forth in detail in the section 2619A3 motion to dismiss, there was no operative legal order to which the trial court need have deferred, because the Court of Claims, August 30th, 2010, and December 27th, 2010, orders to which the Circuit Court deferred, were entered without subject matter jurisdiction, or were thus void. So going back to what Justice Cunningham is saying, you are saying there is no jurisdiction anywhere in the world for this client. I would point out to you, that the phrase used by most people is, talking out of both sides of your mouth. That is not a good thing in a court of law. It is really a very bad thing. How do you explain that? Where should it be? Let's start with that. Where do you think this case, where does jurisdiction lie in this case? We believe, and always have believed, that jurisdiction lies in the Circuit Court. Why haven't we agreed to that? Why haven't you agreed to that? We do agree to that, Your Honor. Oh, really? So when they say you refuse to agree that jurisdiction lies in front of Judge McGrath, and that's why you appealed it, which would indicate you don't agree that it lies in front of Judge McGrath, that you actually have agreed that it lies in front of Judge McGrath. Is that right? No, Your Honor. We agree that Judge McGrath has jurisdiction over this case. Absolutely. But what we don't agree is that there should be a case pending before her when there's another case pending before the Court of Claims. And I understand Your Honor's point about talking out both sides of your mouth. Yeah. But we asked the Court of Claims to dismiss that case for lack of subject matter jurisdiction, and they didn't do that. And when we move that court to the other side. Are they lying to us when they say that you would agree to it, they would agree to a dismissal in the Court of Claims, if you would agree that Judge McGrath can proceed on the merits of their complaint? The plaintiff proposed to us a stipulation under which he would dismiss the Court of Claims case without prejudice. But his stipulation was loaded with other terms that we would not agree to. He asked for an expedited trial date. He asked for us to not file. It's been four years. I don't know. The discovery was completed in 2010, was it not? In the Court of Claims, yes, it was, Your Honor. Okay. So you've had two years, both sides, to figure this out, to get in front of a jury or wherever it's going to go. Is there a lot more discovery to be done? There is a minimal amount of discovery to be done, and it's on the damages side of the case only. And that's currently what's happening in the circuit court. Go ahead. Okay. Your Honor, the reason that we believe Judge McGrath erred in denying our motion to dismiss or stay was in her application of the three-part test under Illinois law under these types of motions. Now, there's a three-part test. You have your threshold factors. You have the so-called discretionary Kellerman factors. And you have a third factor under which the trial court is required to balance the prejudice of the non-mover, that being the plaintiff, if the motion is granted, against the principle of avoiding duplicative litigation. And we argue that Judge McGrath erred in her application of the Kellerman factors and in failing to apply that third part of the test. Now, with respect to the Kellerman factors, Your Honor, Judge McGrath need not even have gotten there because all she needed to do was take a look and say, well, under these threshold factors, there's an exact same case pending over in the court of claims as this case. But she had discretion to go to those Kellerman factors. That's fine. But she misapplied the first factor, that being comity. And as Your Honors know, the principle of comity is giving deference to another court's ruling. Well, here we contend that Judge McGrath abused her discretion in applying that factor because what Judge McGrath did was she deferred to the court of claims' decision not to decide. The issue that the court of claims would not decide was the question of its own subject matter jurisdiction. Now, there's no case that we could find when such deference has been found to be a proper application of the comity factor. Well, I think you're about to. It is outrageous to me that you would ask for something that is missed in the court of claims and have it transferred then to the Circuit Court of Cook County where jurisdiction lies and then argue that you should be back in the court of claims. Outside of churning for billable hours, Mr. Cifanelli, I can't imagine a legitimate reason to do that. Well, Your Honors, all we're looking to avoid here is there being two pending cases at the same time. Now, if the court of claims were to dismiss their case and it stayed there entirely, why not proceed to trial in front of Judge McGrath? And then you'll have your wish. Tell us it's your wish. Why not? Interest in the law? Is that it? Why not? Why not put a trial in front of McGrath? Because, Your Honor, there is still a door open for the plaintiff to return to the court of claims even after the trial is had in the circuit court, and we would like nothing better than for the court So wouldn't that be the time for you to bring all of these machinations to keep the plaintiff from this duplicative activity that you are concerned about in your brief? Because as I started out at the beginning, it seems to me that this whole thing was designed to keep the plaintiff from having a forum anywhere. And I submit to you, Mr. Cifanelli, that's not the American way. The plaintiff gets their day in court. And you don't get to say to the plaintiff, you can't proceed here, you can't proceed there, you can't proceed there, and then the appellate court rubber stamps that. That's not what we do. So I'm trying to find out what is the proper forum that you think this plaintiff ought to proceed in? Because as I read your argument, you didn't think it was the court of claims, and you didn't think it was the circuit court. So my question is, where is it? I think the proper forum is the circuit court if the court of claims dismisses their case. Well, they held it in abeyance. What was lacking in the court of claims' decision that had you so uncertain as to what they might do after it had reached its decision? What had us uncertain, Your Honor, was the fact that the court of claims basically reopened discovery in that forum under its Rule 55. And under Rule 60 of that forum, it contemplates that final decisions shall be made in the court of claims after the plaintiff exhausts his remedy in another forum. So what worried us was the fact that the court of claims' door was being kept open. And most plaintiffs don't have two procedural doors open to them. And what you're trying to do, if I may, would it be fair to say, or do you think it's a legitimate concern, speaking just for myself, that if this court would agree with you, or rather disagree with you, and leave the case before Judge McGrath and tell her to proceed to trial, that you will then file a motion to dismiss the charge, the claim, based on a statute of limitations defense because they didn't file the circuit court claim in a Tommy manner. Rather, they filed a court of claims manner. Would I be wrong to think that would occur? Yes, Your Honor, because we have already raised that statute of limitations argument in the court below. The court rejected that argument. Judge McGrath did. And we did not appeal that. Is it because it's not a final order? Well, Your Honor, we then did not raise it as an affirmative defense in our answer, which we filed after Judge McGrath did that. And so to us, that issue is gone. And our concern now is just the fact that there are these two identical cases, and we just don't think it's fair. Your Honor pointed out that it's not fair for the plaintiff to have no form. Well, we don't think it's fair for the plaintiff to have two forms. And that's what we're looking to avoid. And, Your Honor, this case has had some procedural twists and turns. It's been out for four years, and he hasn't had his hearing. He desperately needs a hearing. He's going to get a hearing. That's what needs to be done. And, Your Honor, the plaintiff will get that. We are going to file a summary judge of motion. If that doesn't succeed, the case will go to trial before Judge McGrath. There's a tentative trial date set that she set with the fact that this court is hearing this case, set that with that in mind, and we will go forward in that form. Our concern is just that there's this other form. Well, why not hold it in advance until you prevail at trial? Because the question would be, your concern is, as you say it today, which could be in debris, although I didn't take it that way, is that if you prevail before Judge McGrath, that they will then wake up the court of claims action and proceed again anew and say there's no res judicata effect from the trial which they had in front of us in the circuit court. No, that didn't occur. We have a second bite at the apple. Why not raise it then? Assuming you prevail, right? So you have your trial. You go and you prevail. And then they say, no, no, we get a second bite at the apple with these unpaid lawyers who will still be unpaid to start anew in the court of claims. Why not do it then? And we could, Your Honor. We're just trying to avoid having to do that in the future. We're just trying to get it wrapped up now so we don't have to do that later. Okay. And, Your Honors, I mentioned the comedy factor. We also believe that Judge McGrath erred in her application of a second Kellerman factor, that being the multiplicity factor. And here the judge abused her discretion in applying that factor because, indeed, there is another case pending across the street in the court of claims. The third factor under Kellerman which the court did not apply at all was the completeness of relief factor. Judge didn't look at that. And we say that it was an error for her to do so because what that factor contemplates is, well, if the plaintiff cannot secure complete relief in the foreign jurisdiction, here that being the court of claims, that in the trial court, maybe we ought to let plaintiff proceed in that form, the home jurisdiction. In the context of this ruling, is Judge McGrath required to outline in her order on the record every single factor that she considered? No, Your Honor. She's not required to outline every single factor. How do you know she didn't consider the factor that you're complaining about? How do you know that? Because Judge McGrath was very thorough in what she did discuss on the record. She was very clear in walking through what she did walk through. But noticeably absent from the transcript was any consideration of that factor. So we believe that Judge McGrath did not take into account that complete relief is available to the plaintiff in both forms. That factor, therefore, countenances in favor of granting defendant's motion. Now, Your Honor, the final in that three-step analysis, moving away from Kellerman, is the balancing of the prejudice to the non-movement, if the motion is granted, against the policy of avoiding duplicative litigation that animates Rule 2619A3. And Judge McGrath, again, did not address that factor at all. And in the Kapoor case and other decisions of this Court, that factor in the three-step analysis is framed as mandatory. Now, had Judge McGrath properly considered that factor? That's what we're doing, isn't it? I mean, I would think that's the gist of the questions from the three of us, is that that should be the deciding factor, that by coming up here, you're wasting precious time. You're depriving a trier of fact from hearing the appellee's complaint, his claim. And so he's suffering severe prejudice. The State of Illinois is suffering severe prejudice, and they're paying a lot of bills for what I would suggest is an absolute waste of everybody's time. But at the same time, the idea, the effect of it, of course, is to grind them down. The State of Illinois will never be ground down. I've worked for them for a long time. That's not happening. They're being ground down. So how is it that you prevail that the third factor would help the State of Illinois, who has been, I would suggest, and I'm not asking you to concede you've been recalcitrant, but I think it's outrageous. How is that in your favor? Well, what we say is Judge McGrath did not weigh that, and what the factor mandates is that the trial court does weigh that. And had she weighed it, she would have determined that all we're asking for here is for a brief pause so the court of claims can make that decision. A brief pause. You know, were you here for the first argument? Just for part of it, Your Honor. Not a problem. The first thing the poor, very, very young, inexperienced State of Illinois defender said was, it's a case involving a man who kicked in the door and shot his girlfriend in the head. The first thing he said was he was defending her. Now, he's an extremely inexperienced young lawyer, and he's stuck with this very bad man that committed this horrific murder. You, on the other hand, are an experienced, very intelligent person. You represent the State of Illinois, which you would like to think is just a wonderful thing to do, you would like to think. And yet now you're saying that, no, that it should be a brief pause. You know, we have to put up with very young attorneys coming in and saying kind of crazy things on criminal cases because that's their job. It is their job. But to say you're just trying to have a brief pause and you really desire to have a hearing on this, wow, that doesn't ring true at all, Mr. Cifanelli. And, again, I don't mind you doing your job. It's your job. But when you say things like that, I don't really, I feel, honestly, I don't have to take that. I don't have to sit here and listen. I mean, I have to, I mean, listen, but not without comment. Not without comment, Mr. Cifanelli. I fully understand Your Honor's concerns. My client's position is simply that they do not want to form doors open to this plaintiff. And I think that I'm out of my 15 minutes. You are. Okay. Thank you, Mr. Cifanelli. Thank you. Mr. Plotkin. Good morning. I'm very heartened by the questions I'm hearing this morning. It shows that this Court understands, just like the Court of Claims, just like the Circuit Court, that the defendants here are using this 2009 amendment to the Whistleblower Act to delay Mr. Vanderhoening's case, to try and overwhelm an unemployed plaintiff with uncompensated counsel by a barrage of briefs and motions and litigation, and essentially trying to trap him in a procedural net in which no court would be available to hear his claim. And throughout the process of doing so, as Your Honor rightfully identified, they have been talking out of both sides of their mouth, telling one court to dismiss because there's no statute of limitations in the other court, and telling the other court, dismiss because there is a statute of limitations problem. It is unfair. It is unjust. And after six years, almost six years, December 2006, Mr. Vanderhoening first filed this lawsuit. He is entitled to the trial that has been set on July 16th for Judge McGrath. Now, the whistleblower statute does provide that if you should prevail in your representation of the epilee, that you will be compensated. Is that right? There is an attorney fee provision in the whistleblower law. That is true. Number two, if this Court, for whatever reason, were to send you back to the Court of Claims, or if Judge McGrath were to send you back to the Court of Claims, and let's assume you went back and you prevailed, would I be correct in saying that even though you got a judgment against the Board of Trustees, that the state legislature could choose not to fund that judgment? Would that also be a concern for somebody in front of the Court of Claims as a plaintiff? You know, that's something that we have not raised in our brief, but it is. I'm just saying as a policy reason. It has nothing to do, frankly, with your brief. You shouldn't raise it in your brief. But that's usually a concern people familiar with the Court of Claims have, is that even if they win, it's up to the legislature to cut the check, and they sometimes don't cut the check. And that certainly is true. I apologize. It's among the many possible prejudices that could occur if this Court were to reverse the decision of the Circuit Courts. The problem, I don't know that it needs to be restated, but the problem that keeps popping up in addition to this lack of funding that could come down the road, if the Court of Claims is forced to go first, which is what the defendants keep insisting should happen, it creates this possible trap where Mr. Vanderhoening could be stuck without any court to hear his case. And that's not right. I'd like to point out one other issue that comes up, this idea that Mr. Vanderhoening could later return to the Court of Claims, and there could be litigation down the road. I think as this Court has rightly brought up, at that point it would be far easier to address the issues of duplicative litigation. But we don't even need to go there, because Judge McGrath, in the exercise of continued good discretion, made the parties, when we came back on a subsequent date, stipulate. And Mr. Vanderhoening has stipulated. There's a December 19th order that's been attached to our motion to dismiss the third issue as moot, which is an order entered dismissing the cert petition that was filed by the university. And in that order, it says, this is on the third page, paragraph 3, Mr. Vanderhoening stipulates that if his claims in case number 10L, the circuit court case, are resolved on the merits in the circuit court, or dismissed with prejudice pursuant to a settlement to which he has agreed, he will voluntarily dismiss with prejudice all claims in the Court of Claims, that particular case number. There is absolutely no danger under these circumstances to the university and the defendants that at the end of the case in the circuit court, they're going to have to do anything other than waive this stipulation in the Court of Claims to force that case to be done. There is no duplicative litigation that could happen down the road. I'm happy to answer any other questions if the Court has them. When the Court of Claims entered their order of abeyance. Correct. Counsel suggested that that really didn't state things over there, because discovery was kept open. I strongly disagree with that, and there's a number of reasons. Well, my question is, did they pursue discovery? They did not. Or did you? Nothing has happened. So truly, the party's held in abeyance. The case is held in abeyance. The Court has recognized as stated there has been no motions filed in the Court of Claims. There's been no discovery in the Court of Claims. There have been no appearances in the Court of Claims. The only thing I am aware of that has happened is that I am required once a year, by April 1st, to file a note saying, please continue it in abeyance. We're still in the circuit court. That is the only thing that has happened in the Court of Claims since the motion for reconsideration was denied on December, I believe, 27th of 2010. Thank you. Thank you. Mr. Cifanelli, briefly, and please start by addressing what Mr. Plotkin just said about the stipulation in the December 2011 order. Yes, Your Honor. That order was entered on December 19th, and that was after we filed the notice of appeal, after the appeal was fully briefed. And may I note that the parties actually tried amongst themselves to reach such a stipulation for a very long time behind the scenes, and it was only until the Court ordered Mr. Vanderhoody to do that that any such stipulation was entered that would have any effect. But you just argued it for 20 minutes that that was your concern, a concern that apparently no longer exists and has not existed now for some three and a half months. Am I misreading it? No, Your Honor. We agree that that December 19th order does limit whatever would happen back in the Court of Claims after the circuit court case proceeds. All we're trying to do by keeping this appeal alive is to make sure that there isn't anything left uncovered by that. We've got four defendants here, and we're just making sure that there is no second forum for any of the plaintiff's claims against any of them. That order seems pretty complete to me. I can't imagine how the plaintiff would be able to get a right. Whoever drafted it did a pretty clear and clean job. That's pretty complete. Once the case is over, it's over. There isn't a court in this state that wouldn't uphold the basic elements of that order. So it's over. Like Justice Quinn said, you just argued something that we now see that there's an order that says that that's not a real consideration. So, you know, I wonder, like, why are we sitting here listening to this? Well, Your Honor, it's because I think that we are just making sure that there is nothing that is left uncovered by that. And I'm glad that Your Honor feels so strongly about that order, and we hope that it applies, that the Court of Claims applies it with the same clarity. I'm going to bring something back afterwards. You come back to us, and we'll make sure that that order gets enforced. Okay, Your Honor. Thank you. Anything else you have? No, Your Honor. Just speaking for myself, when this case is decided, it's going to go back down. And under our rules of this court, the appellate court, any appeal from whatever happens down below comes before the same panel as a related case. So whoever prevails, the losing side, will appear in front of us again. And I almost never find sanctions. I've been here 15 years. I may have found sanctions in two cases. But I wouldn't mind. There's always a first, second, or third time. So, thank you. This case is taken under review. Thank you, Your Honor.